### MEDLEY

v.

### EDWARD TORSTRICK TRANSFER CO., Inc.

Court of Appeals of Kentucky.

April 14, 1954.

Rudy Yessin, Frankfort, for plaintiff.

Ollie Merchant, Louisville, for defendant.

DUNCAN, Justice.

The lower court denied plaintiff's motion for a temporary injunction, and the application is before me under CR 65.11 for an order directing the circuit court to issue the injunction.

The plaintiff is a common carrier of property, with authority to transport general commodities from Louisville, Kentucky, to West Point, Kentucky, traversing U. S. Highway 60. The unincorporated community of Meadow Lawn is partially situated on U. S. Highway 60, and John P. Dant Distillery, although not located on the highway, is within the Meadow Lawn community.

The defendant is also a common carrier of property, with authority to operate from Louisville to Watson's Lane in Jefferson County over the Cane Run Road and the Lower River Road. Defendant's certificated route does not run to or through the Meadow Lawn vicinity, and it has no authority under its common carrier certificate or the regulations of the Department of Motor Transportation governing off-route points to serve the community or the John P. Dant Distillery located therein.

Defendant admittedly is transporting bonded whiskey from Yellowstone Distillery, located outside the city limits of Louisville, to the John P. Dant Distillery at Meadow Lawn. Plaintiff contends that such movements are in violation of the Motor Carrier Act, Chapter 281, Kentucky Revised Statutes, and the Alcoholic Beverage Control Act, Chapter 243, Kentucky Revised Statutes. Defendant asserts authority for the continuance of such transportation under an exemption permit issued by the Department of Motor Transportation pursuant to KRS 281.605 (2) and a distilled spirits and wine transporter's license issued by the Alcoholic Beverage Control Board pursuant to KRS 243.200(2).

KRS 281.605(2) is, in pertinent part, as follows:

"The following motor vehicles shall be exempt, except as to safety regulations, from the provisions of this chapter, provided that an application for such exemption is made and an exemption permit is issued by the department. * * *

"Motor vehicles used for the transportation of property for hire operating exclusively within the limits of one or more cities and their suburban areas."

536

KRS 243.200(2) provides:

"A distilled spirits and wine transporter's license shall be issued only to persons authorized by proper certificate from the Division of Motor Transportation in the Department of Business Regulation to engage in the business of common carrier."

It is apparent that only those authorized to operate as common carriers are entitled to a distilled spirits and wine transporter's license. The question in this case is whether or not the transporter's license, issued because defendant was a common carrier, is authority for the transportation of distilled spirits between points and over routes not governed by its common carrier certificate.

An exemption permit is exactly what its name implies. It is not a certificate. It is an exclusion or exemption from all provisions of the Motor Carrier's Act except the safety regulations. Defendant concedes that an exemption permit, standing alone, would not qualify it for a transporter's license, but insists that because it is a common carrier it may transport distilled spirits under an exemption permit without regard to the limits of its common carrier authority.

The transporter's license does not designate any points or routes. However, since it is conditioned upon the holding of a common carrier certificate, it seems clear that the license authorizes transportation of distilled spirits only between the points and over the routes designated in the comon carrier certificate.

The temporary injunction should issue upon the execution of a bond as required by CR 65.09, the amount of which is to be fixed by the lower court.

Judge MOREMEN sat with me in the hearing of this case and he, together with Judges STEWART and COMBS, sat in its consideration. All those sitting concur with me in the views here expressed.